UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WARREN A. CROCKETT,

      Plaintiff,                            Case No. 12-cv-13869
                                            Hon. Matthew F. Leitman

v.

FORD MOTOR COMPANY *et al.*,

      Defendants.

_____/

**ORDER (1) GRANTING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO ALLEGED DAMAGES (ECF #91); (2) GRANTING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO ALLEGED UNFAIR TREATMENT (ECF #92); AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO PLAINTIFF'S DISMISSED DISPARATE TREATMENT, RETALIATION, AND UNFAIR TERMINATION CLAIMS  (ECF #93)**

This is an employment discrimination action.  In his Amended Complaint (*see* ECF #53), Plaintiff Warren A. Crockett ("Crockett") asserted several claims against Defendant Ford Motor Company ("Ford") and CBRE, Inc. ("CBRE") (collectively, "Defendants") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq*. ("Title VII"), under 42 U.S.C. § 1981 ("Section 1981"), and under Michigan's Elliott-Larsen Civil Rights Act, M.C.L. 37.2010 *et. seq*. (the "ELCRA").  More specifically, Crockett alleged that the Defendants (1) terminated his employment based upon his race; (2) committed other discrete acts of racial

discrimination against him in violation of state and federal law; (3) retaliated against him when he complained about racial discrimination; and (4) subjected him to a racially hostile work environment.  By order dated October 5, 2015, the Court entered summary judgment in favor of the Defendants on all of Crockett's claims except for his hostile work environment claim; that is the sole claim remaining for trial.  (*See* ECF #80.)

Both the Amended Complaint and Crockett's sworn deposition testimony establish that his hostile work environment claim rests exclusively upon alleged conduct undertaken by John Varvari ("Varvari"), an individual who allegedly served as Crockett's supervisor for a period of time.  For instance, all of the allegedly-harassing conduct that is specifically identified in the Amended Complaint – i.e., the conduct that supposedly made Crockett's work environment a racially-hostile one – was undertaken by Varvari.  Indeed, Varvari is the only individual identified in the Amended Complaint as having harassed Crockett. (*See* Am. Compl., ECF #53 at ¶¶ 21-38.)  *More importantly, during his deposition, Crockett specifically confirmed that he does not claim that anyone other than Varvari harassed him.* (*See* Crockett Dep, ECF #76-5 at 17 (transcript pp. 60-61), Pg. ID 766-67.)

The Defendants have now filed three motions in limine that all rest upon the following two premises: (1) Crockett's hostile work environment claim is based

2

entirely upon alleged conduct by Varvari and (2) the Court has dismissed all of Crockett's other claims in the Amended Complaint, including his claims based on acts and/or omissions by individuals *other* than Varvari and his claims challenging the termination of his employment.  Based upon these premises, the Defendants seek the following relief:

1. Entry of an order excluding Crockett from presenting evidence and argument concerning, and seeking an award of damages for, (a) Crockett's termination and/or (b) any of the conduct underlying the claims previously dismissed by the Court. (*See* ECF #91 at 9, Pg. ID 1072.)

2. Entry of an order excluding Crockett from presenting evidence and argument concerning (a) other litigation involving Crockett and Ford and/or (b) any allegedly unfair treatment of Crockett prior to the time he began working with Varvari.  (*See* ECF #92 at 11, Pg. ID 1156.)

3. Entry of an order excluding Crockett from presenting evidence and argument concerning the facts and circumstances related to the claims that the Court previously dismissed.  (*See* ECF #93 at 18-19, Pg. ID 1194-95.)

Defendants contend that the evidence and argument they seek to exclude is irrelevant and, even if marginally relevant, is unfairly prejudicial.  They argue that the Court should exclude the evidence and argument under Rules 402 and 403 of the Federal Rules of Evidence.  With only one minor exception, the Court agrees with Defendants.

3

Based on the Court's ruling on Defendants' summary judgment motions, the case that remains for trial revolves around several issues, including: (1) Did Varvari subject Crockett to a hostile work environment, and, if so, how did that affect Crockett?; (2) Was Varvari Crockett's supervisor?; (3) Did CBRE employ Crockett?; and (4) How did the Defendants respond when and if they learned about Varvari's alleged behavior?  Essentially all of the matters that Defendants seek to exclude have no bearing on these issues that the jury must decide.  For instance, Crockett's experiences before he began working with (or for) Varvari and the results of previous litigation that did not involve Varvari do not relate to any of the remaining issues in dispute.[1]  Such evidence is irrelevant and properly excluded pursuant to Rule 402.

---

[1] Crockett argues that the pre-Varvari evidence is relevant because it reflects "a pattern and practice of Defendant Ford Motor allowing a hostile work environment," establishes that Ford had "notice of [his] claims," and supports "[his claim for] damages." (Crockett's Response Br., ECF #96 at 5, Pg. ID 1282.)  The Court disagrees.  As detailed above, Crockett's sole remaining claim for trial is that Vavari subjected him to a hostile work enviornment, and thus harassment *by others* that took place before Crockett worked with (or for) Varvari is not part of any "pattern" that is at issue here.  An alleged "pattern" of harassment by Varvari most certainly is relevant; alleged bad acts by others are not.  Moreover, even if Crockett could show that Defendants had notice of alleged bad acts by others, that would not show that they had notice of the conduct underlying the only claim that remains at issue here – the alleged hostile work environment caused by Varvari. Finally, Crockett is limited to seeking damages based upon the alleged hostile work environment to which Varvari subjected him, and thus alleged harassment by others is not relevant to his damages claim.

Likewise, the circumstances of Crockett's termination are not relevant to the issues before the jury and are also properly excluded under Rule 402.  First, the Court has previously dismissed Crockett's claim challenging the legality of his termination; there is no claim remaining in this action that in any way challenges the lawfulness of the termination.  Second, it is undisputed that Varvari had no involvement in the decision to fire Crockett.  Crockett was terminated because, in violation of the union contract governing his employment with Ford, he failed to return to work following a leave of absence even though he had been cleared to return by an independent medical examination.[2]  Thus, Crockett has no basis on which to present evidence concerning his termination or to seek damages that

---

[2] Crockett highlights that the report from the independent medical examiner that cleared him to return to work also recommended that he "be placed with another supervisor" upon his return. (Crockett Response Br., ECF #96 at 4-5, Pg. ID 1281-82, citing ECF #77-2 at 12, Pg. ID 927)  Crockett contends that the this report thus supports his assertion that the hostile work environment created by Varvari prevented him (Crockett) from returning to work.  In Crockett's words: "If Defendants' own doctor can see that the work environment is unreasonable, a jury can also." (*Id.* at 5, Pg. ID 1282.)  But Crockett seriously mischaracterizes the IME report when he suggests that the examiner shared his (Crockett's) view that his work environment was "unreasonable."  The examiner stated that he was "*not* in a position to state with any certainty what has or has not taken place within the plant" and that he was "*not* in a position to state whether Mr. Crockett is or is not being unjustly treated." (IME Report, ECF #77-2 at 12, Pg. ID 927) (emphasis added.)  And the examiner recommended placement with a new supervisor in order "to determine with whom the problems lie" – to figure out whether it was Crockett or the supervisor who was causing the problems. (*Id.*)  None of the examiner's conclusions support Crockett's assertion that he could not return to work because he was, in fact, subjected to a racially hostile work environment as a result of Varvari's conduct.

5

allegedly resulted from the loss of his job (*e.g.*, back pay, front pay, and loss of benefits).

Moreover, even if the matters described in the preceding two paragraphs had some marginal relevance to the issues that remain for trial, the Court would still exclude evidence and argument concerning them under Rule 403.   Addressing these matters runs far too high a risk of confusing and distracting the jury from the key issues in dispute and could require the Court to conduct a series on "mini-trials" on extraneous allegations that the Defendants deny.   This evidence also poses a substantial risk of unfair prejudice to the Defendants.   The evidence will create a strong temptation for the jury to punish the Defendants for alleged wrongdoing by persons other than Varvari that does not relate the hostile work environment claim that remains alive in this action.

As a general matter, the Court also agrees with Defendants that evidence and argument related to the claims that the Court dismissed on summary judgment should be excluded under both Rule 402 and Rule 403.   For the same reasons discussed above, this evidence is not relevant, risks confusion, distraction, and delay, and poses a high risk of unfair prejudice.   There is, however, one exception applicable here.   To the extent that the evidence underlying the dismissed claims also relates to alleged conduct by Varvari that could have contributed to a hostile

6

work environment, that evidence (and related argument) would properly be presented to the jury.

For instance, in support of one of the previously-dismissed claims, Crockett presented evidence that Varvari confronted him wearing a bullet proof vest. While the Court ruled that this confrontation did not amount to an adverse action that was sufficient, standing alone, to support a discrimination claim, evidence that Varvari initiated this confrontation could perhaps support Crockett's hostile work environment claim. In short, just because Crockett offered certain evidence in support of the dismissed claims does not automatically mean that the evidence is irrelevant and inadmissible with respect to Crockett's remaining hostile work environment claim. Such evidence may be properly admitted at trial if it directly reflects alleged misconduct by Varvari that could have contributed to the racially-hostile work environment that Crockett claims to have experienced.

Accordingly, for the reasons explained above, **IT IS HEREBY ORDERED THAT** Defendants' Motions in Limine to exclude evidence related to Crockett's alleged damages (ECF #91) and exclude evidence related to previous litigation with Ford and alleged unfair treatment prior to the time Crockett worked with (or for) Varvari (ECF #92) are **GRANTED**. **IT IS FURTHER ORDERED** that Defendants' Motion in Limine to exclude evidence related to Crockett's dismissed claims is **GRANTED IN PART AND DENIED IN PART** as set forth above.

**IT IS FURTHER ORDERED** that counsel for the parties shall consult with one another and prepare a revised Joint Final Pre-Trial Order, revised set of jury instructions, revised verdict form, and revised witness and exhibit lists.  All of these revised documents shall account for and reflect the Court's ruling on the above-identified motions in limine.  Counsel shall deliver the revised documents to the Court by not later than April 30, 2016.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 14, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 14, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113